UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**VERNON GOODLOW (#93838)**

**VERSUS**

**JAMES LEBLANC, ET AL.**

**CIVIL ACTION**

**NO. 15-676-JWD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 22, 2016.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**VERNON GOODLOW (#93838)**

**VERSUS**

**JAMES LEBLANC, ET AL.**

CIVIL ACTION

NO. 15-676-JWD-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the plaintiff's Motion for Emergency Protection Order (R. Doc. 6), which the Court will construe as a Motion for a Preliminary Injunction. The plaintiff complains of an alleged violation of his constitutional rights regarding a disciplinary proceeding occurring in January of 2016, and seeks declaratory and injunctive relief. Specifically, the plaintiff requests prison officials be made aware that improper use of the disciplinary proceedings resulted in cruel and unusual punishment, to have a doctor assigned to treat his high blood pressure, for a restraining order to be entered against "Captain Jack," and to be transferred from the camp where he is currently housed. The Court notes that the allegations of the plaintiff's underlying complaint are unrelated to his claims for injunctive relief.[1]

In order to obtain a preliminary injunction, the plaintiff must demonstrate '(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest.' *Lake Charles Diesel, Inc. v. General Motors*

---

[1] The plaintiff's Complaint (R. Doc. 1) pertains to the discontinuation of medications prescribed by a physician by a nurse practitioner including Mobic, unspecified steroids, Chlorzoxazone, and a shampoo. The plaintiff's request for injunctive relief primarily concerns a disciplinary charge, allegedly issued in retaliation for previously filed lawsuits when the plaintiff made a sick call concerning a complaint of high blood pressure, and the outcome of the associated disciplinary hearing.

*Corp*., 328 F.3d 192, 196 (5th Cir. 2003).  '[A] preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements.' *Id*. at 196.  If the plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction.  *See Roho, Inc. v. Marquis*, 902 F.2d 356, 361 (5th Cir. 1990).

In the instant matter, the plaintiff has not shown a substantial likelihood that he will prevail on the merits of his claims.  The plaintiff has not alleged that he has exhausted his administrative remedies with regard to the allegations in his motion for injunctive relief as mandated by 42 U.S.C. § 1997e.  Furthermore, it is obvious to the Court that the plaintiff has not exhausted these claims as they pertain to events occurring subsequent to the filing of the plaintiff's Complaint, and as recently as January, 2016.  One purpose of the exhaustion requirement is to allow correctional officials time and opportunity to address complaints internally prior to involving the federal courts.  *See Johnson v. Johnson*, 385 F.3d 503, 516 (5th Cir. 2004), *citing Porter v. Nussle*, 534 U.S. 516, 525, (2002).  To allow the plaintiff to bring unexhausted claims for injunctive relief would circumvent the intent of Congress by denying prison officials the opportunity to address these complaints internally.  Furthermore, none of the claims raised by the plaintiff in the present Motion for Preliminary Injunctive Relief present circumstances so emergent as to render the exhaustion requirement futile.

Even if the plaintiff had exhausted his administrative remedies, a substantive review of his claims fares no better.  Based on the record before the Court, the plaintiff has not demonstrated a substantial likelihood that he will prevail on the merits of the claims raised in his Complaint (R. Doc. 1) or the Motion for Preliminary Injunctive Relief (R. Doc. 6).

As to the claim asserted in the Complaint (R. Doc. 1) regarding the discontinuation of certain medications, a prison official violates the Eighth Amendment's prohibition of cruel and unusual punishment if the official shows deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–06 (1976). The official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety" and "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists". *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The official also must draw that inference. *Id*.

Failed treatments, negligence, and medical malpractice are insufficient to give rise to a claim of deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). A prisoner who disagrees with the course of treatment or alleges that he should have received further treatment also does not raise a claim of deliberate indifference. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Instead, an inmate must show that prison officials denied him treatment, purposefully provided him improper treatment, or ignored his medical complaints. *Id*. A delay in treatment may violate the Eighth Amendment if the delay was the result of the prison official's deliberate indifference and substantial harm—including suffering—occurred during the delay. *Easter v. Powell*, 467 F.3d 459, 464–65 (5th Cir. 2006).

The plaintiff's Complaint merely establishes that the plaintiff disagrees with the course of treatment prescribed by Nurse Practitioner Parks. As such, the record presently before the Court fails to demonstrate a substantial likelihood that the plaintiff will prevail on the merits of his claim for deliberate indifference to his serious medical needs.

Turning to the plaintiff's claim of retaliation asserted in his instant Motion (R. Doc. 6), the Court acknowledges that prison officials are not permitted to retaliate against an inmate due to that inmate's use of the grievance or court process; however, claims of retaliation by prison

inmates are regarded with skepticism, lest the federal courts potentially embroil themselves in every adverse action that occurs within a penal institution.  *Id.* at 1166.  Accordingly, to prevail on a claim of retaliation, a prisoner must be able to establish (1) that he was exercising or attempting to exercise a specific constitutional right, (2) that the defendants intentionally retaliated against the prisoner for the exercise of that right, (3) that an adverse retaliatory action, greater than *de minimis,* was undertaken against the prisoner by the defendants, and (4) that there is causation, *i.e.,* that but for the retaliatory motive, the adverse action would not have occurred.  *Morris v. Powell,* 449 F.3d 682, 684 (5th Cir. 2006).  *See also Hart v. Hairston,* 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger,* 188 F.3d 322, 324–25 (5th Cir. 1999).  If an inmate is unable to point to the exercise of a specific constitutional right, his claim will fail as a matter of law.  *See Tighe v. Wall,* 100 F.3d 41 (5th Cir. 1996) (dismissing an inmate's claim for failure to demonstrate the exercise of a specific constitutional right); *Woods v. Smith, supra,* 60 F.3d at 1166 (observing that, "[t]o state a claim of retaliation an inmate must allege the violation of a specific constitutional right").  Further, the inmate must allege more than a mere personal belief that he is the victim of retaliation.  *Jones v. Greninger, supra,* 188 F.3d at 325; *Johnson v. Rodriguez,* 110 F.3d 299, 310 (5th Cir. 1997).  Finally, to demonstrate the requisite retaliatory intent on the part of a defendant, the inmate must produce direct evidence of retaliatory motivation or allege a chronology of events from which retaliation may plausibly by inferred.  *Woods v. Smith, supra,* 60 F.3d at 1166.

      The plaintiff's Motion (R. Doc. 6) fails to point to the existence of direct evidence of retaliatory intent on the part of the defendants, and does not set forth a chronology of events from which retaliation may be plausibly inferred.  The plaintiff has offered only conclusory

allegations.  As such, the plaintiff has not demonstrated a substantial likelihood that he will prevail on the merits of his retaliation claim.

Furthermore, any harm which may come to the plaintiff is not likely to be irreparable, and can be compensated for monetarily should the plaintiff prevail in this action.  Finally, the public interest in the issuance or denial of a preliminary injunction is minimal or non-existent in this case.  Plaintiff has not shown the exceptional circumstances needed for issuance of a preliminary injunction.  Accordingly, the plaintiff's Motion (R. Doc. 6) should be denied.

## RECOMMENDATION

It is recommended that the plaintiff's Motion for an "Emergency Protection Order", construed as a Motion for a Preliminary Injunction (R. Doc. 6), be denied.

Signed in Baton Rouge, Louisiana, on March 22, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**