UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**VERNON GOODLOW (#93838)**

**VERSUS**

**JAMES LEBLANC, ET AL.**

**CIVIL ACTION**

**NO. 15-676-JWD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 15, 2016.

                **RICHARD L. BOURGEOIS, JR.**
                **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**VERNON GOODLOW (#93838)**

**VERSUS**

**JAMES LEBLANC, ET AL.**

CIVIL ACTION

NO. 15-676-JWD-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc, former Warden Burl Cain, Major Joseph Hooker, Dr. Randy Lavespere, Dr. MacMurdo, Assistant Warden Stephanie Lamartiniere, Nurse Practitioner Parks, "Medical Department" and "E.M.T. Department" complaining that his constitutional rights have been violated due to deliberate indifference to his serious medical needs, and the handling of his informal complaints. The plaintiff is seeking appointment of an attorney, issuance of a protective order, and consolidation of the claims presented herein with a pending state court claim.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing

allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33.  A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).  The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.  *Denton v. Hernandez*, *supra*, 504 U.S. at 32.  Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915.  *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).  A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1999 (5th Cir. 1986).

      The plaintiff alleges that on October 16, 2014, there was an incident with a bike wherein defendant Major Hooker ran over the plaintiff, and the plaintiff was treated by defendant Dr. Lavespere for his injuries.  Sometime thereafter, in June of 2015, the plaintiff alleges that defendant Nurse Practitioner Parks discontinued several medications ordered by defendant Dr. MacMurdo and Dr. Palecki without the plaintiff's knowledge or consent.  The plaintiff alleges that he wrote to defendant Assistant Warden Lamartiniere regarding inadequate medical treatment in conjunction with the bike incident.  The plaintiff alleges that defendant Warden Lamartiniere responded that the plaintiff would have to keep his upcoming medical appointments with unspecified personnel against whom the plaintiff alleges to have filed a grievance.

The Court finds that the plaintiff has failed to allege sufficient personal involvement on the part of defendants Secretary Leblanc, former Warden Cain, Major Joseph Hooker, Dr. Randy Lavespere, and Dr. MacMurdo. In order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that the defendants are responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

Applying the foregoing standard, and upon a review of the plaintiff's Complaint, it appears that the plaintiff has failed to sufficiently allege that defendants Secretary Leblanc, former Warden Cain, Major Joseph Hooker, Dr. Randy Lavespere, and Dr. MacMurdo have undertaken any action which may be characterized as a violation of the plaintiff's constitutional rights. As to Major Hooker, the plaintiff alleges only that, on October 16, 2014, Major Hooker ran over the plaintiff while either he or the plaintiff was on a bike. As to Drs. Lavespere and

MacMurdo, the plaintiff merely alleges that he was treated by these physicians and prescribed medications which were later discontinued by Nurse Practitioner Parks.  The plaintiff's allegations relative to Secretary Leblanc and former Warden Cain are vague and amount to no more than claims of mere supervisory responsibility and/or negligent supervision, which claims are conclusory and not sufficient to support a finding of liability under § 1983.  Accordingly, the plaintiff has failed to state a claim upon which relief may be granted as to these defendants.

Turning to plaintiff's claim that Nurse Practitioner Parks was deliberately indifferent to his serious medical needs, his Complaint likewise falls short.  In order for there to be liability in connection with a claim of deliberate medical indifference, an inmate plaintiff must allege that appropriate medical care has been denied and that the denial has constituted "deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir. 1985).  Whether the plaintiff has received the treatment or accommodation that he believes he should have is not the issue.  *Estelle v. Gamble*, *supra*.  Nor do negligence, neglect, unsuccessful treatment, or even medical malpractice, give rise to a § 1983 cause of action.  *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).  Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment.  *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994).  As stated in *Farmer*, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id*. at 837.  The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."  *Domino v.*

*Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), *quoting Estelle v. Gamble*, *supra*. Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

The plaintiff alleges that Nurse Practitioner Parks discontinued various prescription medications without his knowledge or consent. The plaintiff does not allege that a substantial risk of serious harm existed, of which Nurse Practitioner Parks was aware, and to which she was deliberately indifferent. The plaintiff does not allege that Nurse Practitioner Parks refused to treat him, ignored his complaints, intentionally treated him incorrectly, or that she engaged in any similar conduct that would evidence a wanton disregard for his serious medical needs. Rather, it appears that the plaintiff merely disagrees with the decision of Nurse Practitioner Parks to discontinue certain medications. As such, the plaintiff's allegations fail to state a claim for deliberate indifference to his serious medical needs.

As to the plaintiff's allegations against defendant Assistant Warden Lamartiniere, the plaintiff's assertion that defendant Lamartiniere failed to appropriately respond to his informal complaint fails to state a meritorious claim inasmuch as an inmate plaintiff is not constitutionally entitled to an investigation into his administrative claims or informal complaints, or to a fair or favorable response thereto. *See Mahogany v. Miller*, 252 Fed. Appx. 593 (5th Cir. 2007). *See also Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (holding that an inmate "does not have a federally protected liberty interest" in having his administrative claims resolved to his satisfaction and that a claim "arising from the alleged failure to investigate his grievances is indisputably meritless"). As such, the plaintiff's claim against defendant Lamartiniere lacks an arguable basis in the law.

Turning to the plaintiff's claims against defendants "Medical Department" and "E.M.T. Department," section 1983 only imposes liability on a "person" who violates another's constitutional rights under color of law. In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether these defendants can be sued. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as an "entity to which the law attributes personality, such as a corporation or partnership." *See* La. Civ.Code Ann. art. 24. "Medical Department" and "E.M.T Department" are not proper defendants in this case. These defendants are merely departments within LSP. Neither are an individual, corporation, partnership, or any entity to which the law attributes personality.

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that the plaintiff's action be dismissed, with prejudice, as

legally frivolous, and for failure to state a claim upon which relief may be granted[1] pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

Signed in Baton Rouge, Louisiana, on April 15, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."